EDWIN M. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RUSSELL V. LOVELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 1415, 1926.   Promulgated January 21, 1928.

*L. E. Mallonee, Esq.*, for the petitioners.
*John D. Foley, Esq.*, for the respondent.

OPINION.

LITTLETON: The evidence submitted does not establish the claim that the 1919 closing inventory of the partnership as determined by the Commissioner should be reduced in the amount of $18,000. Although it is claimed by the petitioners that at the time of the $18,000 loan, corn thereafter canned by the partnership to the extent of the loan was to become the property of VanGorder, the testimony does not go beyond showing that the corn canned after the making of the loan by VanGorder was to be set aside to insure repayment of the loan out of the proceeds from the sale thereof by the partnership on its own account and not as agent for VanGorder. The corn was not to be delivered to VanGorder, nor has it been shown that the partnership held it or was to sell it as his agent. So far as the evidence shows, the loan of $18,000 from VanGorder was to be repaid in full by the partnership notwithstanding it had canned corn having a market value of that amount, if such corn when sold should bring less than the amount of the loan, or if the corn should be destroyed prior to sale by the partnership. Under the petitioners' theory, the $18,000 would constitute an advance payment by VanGorder for corn purchased by him and should be included in the partnership's gross income. There is nothing to show that this amount was included in gross income.

The Board is of the opinion that corn on hand and unsold at the end of the taxable year which the partnership seeks to exclude

from its inventory, was the property of the partnership and was properly included by the Commissioner in its closing inventory.

The Commissioner's computation of the tax liability resulting in the deficiencies asserted by him is not in the record. Petitioners claim that the Commissioner determined that the partnership realized a profit of $9,112.35 from the receipt of fire insurance in the amount of $12,303.49. The evidence establishes that the partnership, instead of realizing a profit, sustained a loss as a result of the fire of $1,147.39.

*Judgment will be entered on 20 days' notice, under Rule 50.*